**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

BERNIE MIMS,                         :
                                     :    Civil Action No. 06-4551 (GEB)
        Plaintiff,       :
                                     :
    v.                            :    **OPINION**
                                     :
UNITED STATES MARSHAL, et al.,:
                                     :
        Defendants.      :

**APPEARANCES:**

Plaintiff pro se
Bernie Mims
LSCI - Allenwood
P.O. Box 1000
White Deer, PA 17887

**BROWN, JR.,** District Judge

    Plaintiff Bernie Mims, a prisoner confined at the Federal Correctional Institution - Low at Allenwood, Pennsylvania, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that the U.S. Marshal delivered him to Mercer County Corrections Center in Trenton, New Jersey, where he was placed on B-Pod, a maximum security unit housing three prisoners to a cell.  Plaintiff contends that B-Pod was controlled by gang members, a fact allegedly known to prison officers.  He contends that gang members threatened one of Plaintiff's roommates for his commissary purchase and, after the roommate told corrections officers, the roommate was moved off the floor for his protection.  Plaintiff alleges that a similar incident occurred a week later, involving himself and his remaining roommate, who were attacked by the gang members.  Plaintiff's roommate was then moved.  Plaintiff told the corrections officers that he, too, did not feel safe and wanted to be moved.  Plaintiff was told to fill out some forms.  Later that night Plaintiff was attacked by four gang members who stabbed him three times.  He was treated at an external medical center and was then placed in the infirmary to recover.

The Court construes the Complaint as asserting a claim for violation of the Eighth Amendment duty to protect prisoners. Plaintiff names as defendants three officers on B-Pod who had direct knowledge of the unfolding events, Sergeant Jackie McCall, Officer Ledbetter, and Officer Weer.  Plaintiff also names as defendants Warden John Doe and the U.S. Marshall.

Plaintiff seeks compensatory and punitive damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   BIVENS ACTIONS

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under

the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

As the U.S. Marshal is a federal officer, any claim against him for damages would be asserted pursuant to Bivens.

## IV.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-

91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

V.   ANALYSIS

Under the Eighth Amendment to the U.S. Constitution,[1] which prohibits "cruel and unusual punishments," prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners

---

[1] The Eighth Amendment is applicable to the individual states through the Fourteenth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).

6

from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference

7

from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." <u>Farmer</u>, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. <u>Farmer</u>, 511 U.S. at 834.

Applying <u>Farmer</u> to the instant action, the first question is whether Plaintiff has alleged facts showing that inmates, or Plaintiff in particular, faced a substantial risk of assault. The second question is whether Plaintiff has alleged facts from which it could be inferred that defendants were aware of and disregarded that risk.

Here, Plaintiff alleges that gang members "controlled" B-Pod, and that the three officers on the scene were aware of threats and at least one previous assault to Plaintiff's roommates. The claim against these three defendants is sufficient to avoid dismissal at this preliminary stage of the litigation.

Plaintiff has failed to allege facts from which it could be inferred that the U.S. Marshal was aware of and disregarded a substantial risk of harm to Plaintiff from being confined at the Mercer County Corrections Center. In addition, the claim against the Warden appears to be based solely on an untenable theory of

8

respondeat superior.[2]  Accordingly, the claims against these two defendants will be dismissed with prejudice.

VI.   CONCLUSION

For the reasons set forth above, the claim against the U.S. Marshal and Warden John Doe will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim against these defendants, the Court will grant Plaintiff leave to file an amended complaint.[3]  Plaintiff's claims against defendants Sergeant Jackie McCall, Officer Ledbetter, and Officer Weer may proceed.  An appropriate order follows.

                                         S/Garrett E. Brown, Jr.
                                         Garrett E. Brown, Jr.
                                         Chief Judge
                                         United States District Court

Dated: 9/28/06

---

[2] Plaintiff states that he is suing the Warden "because he is the overseer of the jail."

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.