**NOT FOR PUBLICATION**

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

APR 2 0 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| BERNIE MIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-4551 (GEB) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SERGEANT JACKIE MCCALL, ) | |
| OFFICER JOHN LEDBETTER, and ) | |
| OFFICER RON WARE, ) | |
| ) | |
| Defendants. ) | |

**BROWN, Chief Judge**

This matter comes before the Court on Plaintiff's April 7, 2009 application for pro bono counsel, pursuant to 28 U.S.C. §1915(e)(1). (Docket Entry No. 65.) For the reasons that follow, the Court will order the appointment of pro bono counsel for Plaintiff, in anticipation of trial.

**I.    BACKGROUND**

The Court will only recount the relevant and necessary facts. Plaintiff was an inmate at the Mercer County Corrections Center in Trenton, New Jersey. Plaintiff alleges that the unit in which he was held was controlled by gang members, a fact known to the Center's correctional officers including Defendants. These gang members threatened both Plaintiff and Plaintiff's cell mates after they refused to give the gang members their commissary. One of Plaintiff's cell mates was assaulted prior to the transfer of both cell mates to another area. Plaintiff, likewise, alleges that he was

threatened and wanted to be transferred because he did not feel safe. On October 26, 2004, Plaintiff was instructed to fill out a transfer request form, and that evening, before he was transferred, he was assaulted by several gang members who stabbed Plaintiff repeatedly in the neck, shoulder, and spine.

Plaintiff's matter is ready for trial. The parties submitted their respective pre-trial memoranda on July 30, 2008, and August 1, 2008, and the Magistrate Judge filed the Final Pretrial Order on August 4, 2008. Thereafter, Plaintiff filed an application for pro bono counsel on November 19, 2008. (Docket Entry No. 57.) This application was considered by the Magistrate Judge, who denied it without prejudice on December 15, 2008. (Docket Entry No. 58.)

Plaintiff wrote a letter to the Court on January 15, 2009, stating that he was being released from prison to a halfway house in Georgia, and he provided the Court with a forwarding address. (Docket Entry No. 59.) He also stated that he wanted his trial to commence "as soon as possible." (Id.) Another letter was sent to the Court dated January 30, 2009, in which Plaintiff again provided notice of change of address, but it appears to be the same address that he provided to the Court in his January 15, 2009 letter. (Docket Entry No. 60.) A similar letter stating the same address was also received on February 2, 2009, and again, Plaintiff requested that the trial proceed as soon as possible. (Docket Entry No. 61.) In another letter dated February 9, 2009, and received on February 24, 2009, Plaintiff again inquired about the status of this case, he said again that he wanted another application for pro bono counsel, he asked whether a date had been set for his trial, and he stated that he has not been contacted regarding a trial date. (Docket Entry No. 62.) On the same date, the Court received a second letter from Plaintiff, dated February 17, 2009, in which Plaintiff provided the Court with notice of another change in address, to another city in Georgia. (Docket Entry No. 63.)

Most recently, Plaintiff filed a new application for pro bono counsel on April 7, 2009.

2

(Docket Entry No. 65.) In support of his application, Plaintiff described that pro bono counsel should be appointed because he had requested "a speedy trial" but the matter has not yet been tried; because if he had an attorney, he believes that his matter would already have proceeded to trial; because he lacks the "ability to present an effective case" due to his "lack of familiarity with the rules of evidence and discovery;" because he is "being dragged along;" and because "factual investigation [may be] necessary" but he is not able to adequately pursue such investigation without the assistance of counsel. (Docket Entry No. 65 at 3.)

## II.  DISCUSSION

It has been noted that "[w]here an unrepresented [p]laintiff in a civil suit is indigent, and where good cause exists for the appointment of pro bono counsel under 28 U.S.C. §1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so, pursuant to Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993)." Williams v. Hayman, 488 F. Supp. 2d 446, 447 (D.N.J. 2007). "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

> The appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice

3

>to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted). However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious commodity and it should not be wasted on frivolous cases. See Parham, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted); see also Tunnell v. Gardell, 2003 U.S. Dist. LEXIS 27544, at *1 (D. Del. Mar. 14, 2003) (citing Parham, 126 F.3d at 457) (other citations omitted)).

If the court determines that the claims do indeed have some merit in fact and law, then additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Id. at 157-58 (citations omitted). Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district court's ability to appoint counsel," such as:

the growing number of prisoner civil rights actions filed in federal court, the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time lawyers volunteer for such representation. See id. at 157.

For the following reasons, the Court will grant Plaintiff's application, finding that the interests of justice require that an attorney assist Plaintiff at this procedural juncture. First, as a threshold matter that the Court has previously indicated in its June 2, 2008 Memorandum Opinion and Order, the Court finds that Plaintiff's claims may have some merit in fact and law. Second, this Court concludes that the credibility factor, namely, whether credibility determinations will play a significant role in the resolution of Plaintiff's claims at trial, is the crucial factor that requires such appointment. This Court finds that the nature of this case and the factual nuances that are involved require special consideration of this factor for the following reasons. As this Court understands it, based upon the submissions thus filed and its previous involvement in this matter, Plaintiff's contention is that Defendants failed to adequately protect him from the gang members who ultimately stabbed him several times. As this Court previously stated in its memorandum opinion filed on June 2, 2008 (Docket Entry No. 46), a credibility determination will likely be a central inquiry at trial:

> Reviewing all allegations in the light most favorable to Plaintiff, it appears that there remain genuine issues of material fact as to whether Defendants acted with deliberate indifference to a risk of serious harm to Mr. Mims. Defendants insist that the correctional officers did not know of the danger faced by Mr. Mims because he allegedly never mentioned that he feared for his life. This is contested by Mr. Mims, who claims that he told at least two [of] the Defendants of his great concern for his security.

(Docket Entry No. 46 at 8.) The Court notes that this matter is ready for trial, and that this issue of

credibility will very likely determine whether or not Plaintiff or Defendants prevail at trial. Although the Court has considered each of the additional Tabron factors, including the practical restraints of appointing such counsel, the Court nevertheless concludes that it is necessary due to the credibility issues and Plaintiff's ability, therefore, to effectively present his case. These points outweigh the other factors that mitigate against appointment.

The Court also notes that since the Magistrate Judge filed her opinion dated December 15, 2008, Plaintiff has written several letters to the Court stating that he has been released from prison to a Georgia half-way house (see Docket Entry No. 59 at 1), and Plaintiff subsequently sent another letter stating that he thereafter moved to another Georgia address (see Docket Entry No. 63). The Court also questions Plaintiff's ability to fully present his case at trial in New Jersey given what appears to be his limited financial resources and the state of his residence.

Although several of the other factors otherwise mitigate against the Court's conclusion, namely that to date, plaintiff has successfully been able to present his case to the Court and has withstood a motion for summary judgment; that the legal issues involved as currently presented are not overly complex; and that there is a lack of funding to pay for appointed counsel in the growing number of prisoner civil rights actions filed in federal court and a limited number of attorneys who are able and willing to undertake these cases without compensation. Despite these findings, the Court nevertheless concludes that in this particular case, for the reasons previously stated, that these mitigating factors are outweighed and that appointment of pro bono counsel is appropriate.

### III.   CONCLUSION

For the foregoing reasons, the Court sua sponte will appoint pro bono counsel to Plaintiff.

An appropriate form of Order accompanies this Opinion.

Dated: April __17__, 2009

                                                     GARRETT E. BROWN, JR., U.S.D.J.